UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI K. HARWOOD, by Next of
Friend, WENDY B. ADELSON,

      Plaintiff,

v.                                              Civil Case No.: 23-cv-10118

                                                Honorable Gershwin A. Drain

AETNA HEALTH OF MICHIGAN,
INC.,

      Defendant.
_____/

## OPINION AND ORDER REGARDING RESPONSE TO ORDER TO SHOW CAUSE [#7] AND DISMISSING ACTION WITHOUT PREJUDICE

On January 17, 2023, Plaintiff Wendy B. Adelson, as Next of Friend for Lori K. Harwood, filed the instant action against Defendant Aetna Health of Michigan (AETNA) alleging that AETNA has denied pre-approval for Ms. Harwood's transfer for inpatient rehabilitative treatment at Select Specialty Hospital. Plaintiff alleges claims for breach of contract, specific performance and for breach of the duty of good faith and fair dealing. Plaintiff also moved for an Emergency Ex-Parte Temporary Injunction compelling AETNA to provide Plaintiff with inpatient rehabilitation treatment and to declare Defendant has violated Plaintiff's right to timely access medical treatment.

Because the basis for this Court's subject matter jurisdiction was not evident from the allegations in Plaintiff's Complaint, the Court entered an Order for Plaintiff to Show Cause Why This Matter Should Not Be Dismissed for Lack of Subject Matter Jurisdiction on January 18, 2023.  Plaintiff filed her Response to the Court's Show Cause Order on January 20, 2023.  Upon review of Plaintiff's Response, the Court concludes that Plaintiff has failed in her burden demonstrating the Court has subject matter jurisdiction over this action.  Specifically, in her response, Plaintiff concedes that she has not exhausted her administrative remedies.  *See* ECF No. 8, PageID.386.

Federal courts are courts of limited jurisdiction.   This case challenges the allocation of costs under Medicare, and Congress has prescribed a specific and exclusive method for judicial review of any and all disputes arising under the Medicare program.  *See Michigan Ass'n of Homes and Services for Aging v. Shalala*, 127 F.3d 496, 497 (6th Cir. 1997).  The "special Medicare [judicial] review route . . . is set forth in a complex set of statutory provisions, which must be read together." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 7-8 (2000).  This procedure is the sole means of review of Medicare reimbursement decision.  *See* 42 U.S.C. § U.S.C. § 405(g)-(h), § 13955ff (making § 405(g) applicable to Medicare); *see also Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984)

("The third sentence of 42 U.S.C. §§ 405(h) . . . is the sole avenue for judicial review for all claims arising under the Medicare statute.")

"Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act." *Heckler*, 466 U.S. at 605. A claimant obtains a final decision from the Secretary "only after [she] has pressed her claim through all designated levels of administrative review." *Id.* at 606.

Section § 405(h) limits judicial review of claims for Medicare benefits. The statute states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The Supreme Court has held that the first two sentences of section 405(g) "prevent review of decisions of the Secretary save as provided in the Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. 749,

757 (1979) (citations omitted). The third sentence of the statute "provides that §405(g), to the exclusion of 28 U.S.C. §1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler*, 466 U.S. at 614-15. Thus, unless this procedure is complied with, no court has subject matter jurisdiction to address the claims at all. *See Giesse v. Sec'y of Dept. of Health and Human Servs.*, 522 F.3d 697, 703-04 (6th Cir. 2008) ("The Medicare Act's grant of subject matter jurisdiction only permits judicial review of "the final decision of [the Secretary] made after a hearing." (citing 42 U.S.C. § 405(g)).

Here, while Plaintiff has brought claims for breach of contract, specific performance and breach of the duty of good faith and fair dealing, her claims "arise under" the Medicare statute such that judicial review is limited to the procedures delineated in 42 U.S.C. §§ 405(g) and (h). The Supreme Court has interpreted § 405(h)'s "arising under" language broadly. *See Heckler*, 466 U.S. at 615 (citing Weinberger, 422 U.S. at 760-61).

A claim "arises under" the Medicare Act if: (1) "both the standing and the substantive basis for the presentation" of the claim is the Act, or (2) the claim is "inextricably intertwined" with a claim for medical benefits. *Id.* at 614-15. A claim may arise under the Medicare Act even though, as pleaded, it also arises under some other law. *See Salfi*, 422 U.S. at 760-61. Courts must "discount any creative pleading which may transform Medicare disputes into mere state law

4

claims, and painstakingly determine whether such claims are ultimately Medicare disputes." *Wilson v. Chestnut Hill Healthcare*, No. 99-1468, 2000 U.S. Dist. LEXIS 1440, at *4(E.D. Pa. Feb. 10, 2000); *see also Bodimetric Health Servs., Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 487 (7th Cir. 1990) ("If litigants who have been denied benefits could routinely obtain judicial review of these decisions by recharacterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely undermined."). A claim does not "arise under" the Medicare Act only in "certain special cases" where a claim is "wholly collateral to a claim for benefits and the injury suffered could not be remedied by the retroactive payment of benefits after the exhaustion of remedies. *Heckler*, 466 U.S. at 618.

In this case, contrary to Plaintiff's assertions in her Response to the Order to Show Cause, Plaintiff's claims are seeking Medicare benefits under the Act, thus her claims are inextricably intertwined with a Medicare benefits determination. Plaintiff's breach of contract, specific performance and breach of good faith and fair dealing claims all seek reimbursement for inpatient rehabilitation services. *See Bodimetric*, 903 F.2d at 487 (holding the plaintiff's state law claims for fraud, negligent misrepresentation, and breach of contract arose under the Medicare Act).

Finally, the fact that Plaintiff is suing Aetna, a private entity, does not remove the jurisdictional bar of § 405(h). *Id.* at 488 ("We have determined that

5

Bodimetric's claims against Aetna arise under the Medicare Act and that Bodimetric may not circumvent the terms of section 405(h) simply because a private entity (Aetna) serves a public function."); *see also Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 720 (E.D. Pa. 2008)(state tort law claims for tortious interference with contractual relations, misfeasance, and negligent supervision against Medicare contractor subject to § 405(h)).

Plaintiff's Response to the Court's Show Cause Order argues that the Court should waive the exhaustion requirement. Although exhaustion may be excused in certain circumstances, this is not such a case. Exhaustion may be excused where the plaintiff raises a claim that is wholly collateral to her claim for benefits and makes a colorable showing that the claim could not be remedied by a retroactive award of benefits. *Heckler*, 466 U.S. at 618. Here, Plaintiff's seeks benefit payments for inpatient rehabilitation treatment and thus her claims are inextricably intertwined with her claims. There is no indication that pursuit of administrative remedies would be futile or that a decision of the Commissioner cannot remedy her claims.

Accordingly, the Court lacks subject matter jurisdiction to decide Plaintiff's claims. This cause of action is dismissed without prejudice.

Dated: January 26, 2023                  /s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 26, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager